# DECISIONS

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1893.

CASE 101—MOTION—JANUARY 5.

## Trustees of Town of Greenville v. Townes, Trustee Jury Fund.

APPEAL FROM MUHLENBERG CIRCUIT COURT.

CONSTRUCTION OF TOWN CHARTER—APPROPRIATION OF FINES FOR BENEFIT OF TOWN.—Under the provision of the charter of the town of Greenville "that for all fines imposed for violation of the by-laws and ordinances of said town, as well as for all violations of the penal laws of the Commonwealth committed within the corporate limits of said town, the fine and penalty so assessed shall be for the use and benefit of the town of Greenville," the town is not entitled to fines imposed in the circuit court. The charter provision quoted must be regarded as referring only to fines imposed in the police court, as that was the court under consideration, and is the only court mentioned in the act. And especially should this construction be adopted, as it removes all doubt as to the constitutionality of the provisions of the charter.

JONSON & WICKLIFFE AND CHARLES EAVES FOR APPELLANTS.

The act of 1886 enlarges the rights of the town and gives it all fines imposed for offenses committed within its corporate limits, whether they were imposed by the police court or some other court. (Acts 1869, vol. 1, p. 599; Acts 1885–86, vol. 1, p. 950.) And the judgment of the lower court, holding the statute to be unconstitutional because against public policy, can not be supported upon principle or authority.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The charter of the town of Greenville, Muhlenberg county, provides "That the police judge of said town shall

have exclusive jurisdiction over the county judge and justices of said county for the trial of all penal offenses occurring within the corporate limits of said town, over which he now has jurisdiction; and all fines and forfeitures for offenses committed in said town, when collected, shall be paid to the treasurer of said board of trustees of said town, to be by them used in the improvement of the streets of said town."

By further act it is provided " That for all fines imposed for violation of the by-laws and ordinances of said town, as well as for all violation of the penal laws of the Commonwealth, committed within the corporate limits of said town, that the fine and penalty so assessed shall be for the use and benefit of the town of Greenville, and shall be, when collected, paid to the treasurer of the trustees of the town, and by the trustees used for the benefit of said town."

The provision first quoted was approved March 4, 1869, and the amendment March 23, 1886.

At its April term, 1891, certain fines were imposed in the Muhlenberg Circuit Court on indictments by the grand jury for misdemeanors and violations of the penal laws of the State, committed subsequently to March 23, 1886, and within the corporate limits of said town.

The trustee of the jury fund collected these fines, and thereupon the trustees of the town, by motion in the circuit court, sought to compel the appellee, the trustee of the jury fund, to pay to the town treasurer the moneys so received by him. The circuit court adjudged the act of March, 1886, unconstitutional, overruled the motion and dismissed the proceeding. From this judgment the trustees of the town have appealed.

By the act of March, 1869, exclusive jurisdiction was attempted to be given the police court "over the county judge and justices of the county."

By the amendment of March, 1886, it is provided that, "for all fines imposed"—evidently meaning in said police court—"for violation of the by-laws and ordinances of said town, as well as for all violation of the penal laws of the Commonwealth committed within the corporate limits of the town, that the fine and penalty so assessed"—still clearly referring to an assessment of fine and penalty in the police court, that being the sole court mentioned in the act—"shall be for the use and benefit of the town of Greenville."

We are of opinion that the acts mentioned were not intended to divert from their usual course, as provided by the general law, the fines recovered in the circuit court, and cover them into the town treasury.

The only court under consideration was the police court, and the fines and forfeitures referred to must have been those imposed in that court. And especially should this construction be adopted, as by it the constitutionality of the provisions of the charter is saved from question.

The judgment below is affirmed.